# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

AMANDA R. CLARK,

      Plaintiff,

                                                  **Civil Action 2:17-CV-709**
                                                  **Judge George C. Smith**
      v.                                           **Magistrate Judge Chelsey M. Vascura**

**COMMISSONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Amanda R. Clark, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability Insurance Benefits. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 10), the Commissioner's Memorandum in Opposition (ECF No. 15), and the administrative record (ECF No. 9). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's non-disability finding.

### I.    PROCEDURAL BACKGROUND

Plaintiff filed her application for Title XVI Social Security Disability Benefits on March 6, 2013, alleging that he became disabled on February 1, 2012. Her application was denied on March 3, 2014, and upon reconsideration on June 12, 2014.

Administrative Law Judge Susan F. Zapf (the "ALJ") held a hearing on March 9, 2016, at

which Plaintiff, represented by counsel, appeared and testified via video. Vocational Expert Mary K. Andrews (the "VE") also appeared and testified. On May 12, 2016, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. On June 15, 2017, the Appeals Council denied Plaintiff's request for review without substantive comment and adopted the ALJ's decision as the Commissioner's final decision. Plaintiff then timely commenced the instant action on August 15, 2017.

In her Statement of Errors (ECF No. 10), Plaintiff raises a single contention of error, namely, that "the ALJ erred in not considering and in not finding that [her] pulmonary impairments medically met or equaled Listing 3.02(c)(1)." (Pl.'s Statement of Errors 9, ECF No. 10.) In support of this assertion, Plaintiff points out that she was diagnosed with asthma and contends that she had DLCO tests (test for measuring diffusing capacity) on April 15, 2015, and May 5, 2015, that would meet Listing 3.02(C)(1). Plaintiff also points out that subsequent to the April and May 2015 tests, no medical consultant considered whether she met Listing 3.02(C)(1). Plaintiff concludes that remand is therefore required.

In her Memorandum in Opposition (ECF No. 15), the Commissioner counters that the ALJ reasonably determined that Plaintiff did not meet or equal a listing. According to the Commissioner, the evidence upon which Plaintiff relies "is inadequate on its face to meet the bright-line requirements outlined under Listing 3.02." (*Id.*)

## II. THE ALJ'S DECISION

The ALJ issued her decision on May 12, 2016, finding that Plaintiff had not been under a disability within the meaning of the Social Security Act since her application date.

At step two of the sequential evaluation process,[1] the ALJ concluded that Plaintiff had the following severe impairments: "recurrent arrhythmias vs vasodepressor syndrome, asthma, affective disorder, personality disorder and somatoform disorder." (R. at 13.) The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at PAGEID# 56-57.) The ALJ expressly considered and discussed Listings 3.03 (asthma), 4.05, 12.04, 12.07, and 12.08. (R. at 14-15.)

At step four of the sequential process, the ALJ set forth Plaintiff's Residual Functional Capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except: she is limited to frequent rams and stairs, she cannot climb ladders, ropes, or scaffolds; she is limited to occasional stooping, kneeling, crouching, and crawling; and she must avoid concentrated exposure toe cold, heat, humidity and even moderate exposure to fumes, odors, dust, gases, poor ventilation, and hazards. She cannot engage in fast-paced jobs, such as in assembly. She is limited to unskilled work with occasional interaction with coworkers, supervisors, and the public.

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. See 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

(R. at 16.)

Relying on the VE's testimony, the ALJ concluded that Plaintiff could perform jobs existing in significant numbers in the national economy. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. (R. at 24-25.)

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)) *cert. denied sub nom. Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. TNS, Inc.*, 537 U.S. 1106 (2003). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## IV. ANALYSIS

The undersigned concludes that Plaintiff's sole contention of error—that the ALJ erred in not considering and in not finding that her pulmonary impairments medically met or equaled Listing 3.02(C)(1)—lacks merit.

In determining whether a claimant is disabled, an ALJ must consider whether the claimant's impairments meet Social Security Listing requirements. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded. 20 C.F.R. § 404.1520(d). A claimant's impairment must meet every element of a Listing before the Commissioner may conclude that he or she is disabled. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria."). The claimant shoulders the burden of producing medical evidence that establishes that all of the elements are satisfied. It is not sufficient to come to close to meeting the conditions of a Listing. *See, e.g., Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1989) (Commissioner's decision affirmed where medical evidence "almost establishes a disability" under Listing).

Listing requirements for respiratory disorders set forth in § 3.00 of the Appendix. 20 C.F.R. Part 404, Subpart P, Appendix 1 § 3.00. "The regulations provide that medical evidence is required to document and assess the severity of a respiratory disorder based on the results of various tests, including pulmonary function tests." *Nettlemen v. Comm'r of Soc. Sec.*, No. 17-1822, --- F. App'x ----, 2018 WL 1474967, at *2 (6th Cir. Mar. 27, 2017) (citing Appendix § 3.00(E)); *see also Thacker v. Soc. Sec. Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004) ("When a claimant alleges that [s]he meets or equals a listed impairment, [s]he must present specific

medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes who the impairment has such equivalency.").

Under the at-issue Listing, Listing 3.02(C)(1), an individual is considered disabled as a result of "[c]hronic impairment of gas exchange as demonstrated by" the "[a]verage of two unadjusted, single-breath DLCO measurements (see 3.00F) less than or equal to the value in Table III for your gender and height without shoes (see 3.00F3a) . . . ." Appendix § 3.02(C)(1). Table III indicates that Plaintiff, a female with a height of 67 inches without shoes, must present two acceptable DLCO measurements whose average is less than or equal to 10 in order to meet the Listing. "DLCO means diffusing capacity of the lungs for carbon monoxide." Appendix § 3.00(A)(9). Section 3.00(F) describes a DLCO test and the requirements for an acceptable test and report. As relevant here, § 3.00(F) requires that that the volume of inhaled gas (the "VI") during a DLCO test be at least 85% of the forced vital capacity ("FVC"). Appendix §3.00(F)(2)(b)(i); *see also* Appendix § 3.00(A)(11) and (18) (defining "FVC" and "VI"). In addition, to be valid, the DLCO test report must contain "[a]t least two acceptable DLCO measurements within 3 mL CO (STPD)/min/mmHg of each other or within 10 percent of the highest value." Appendix § 3.00(F)(3)(d); *see also* Appendix § 3.00(A)(13) (defining "mL CO (STPD)/min/mmHg" as "milliliters of carbon monoxide at a standard temperature and pressure, dry, per minute, per millimeter of mercury").

Plaintiff has failed to satisfy her burden to show that her impairments meet the criteria for Listing 3.02(C)(1). Contrary to Plaintiff's assertion, the record does not contain evidence from DLCO tests that satisfy the Listings requirements. The tests upon which Plaintiff relies in an effort to satisfy her burden (the April 15, 2015 and May 5, 2015 tests) are insufficient for two

reasons. First, neither test qualifies because the volume of gas she inhaled (her "VI") during the tests did not satisfy the requirement in Appendix § 3.00(F)(2)(b)(i) that the VI be at least 85% of her forced vital capacity ("FVC"). For her April 15, 2015 DLCO measurement, Plaintiff's VI was 1.23 liters, which was only 50.83% of her 2.42-liter FVC. (R. at 453.) For her May 5, 2015 DLCO measurement, Plaintiff's VI was 1 liter, which was only 48.07% of her 2.08-liter FVC. (R. at 451.) Second, neither the April nor the May 2015 DLCO tests qualify because the test reports fail to contain "[a]t least two acceptable DLCO measurements within 3 mL CO (STPD)/min/mmHg of each other or within 10 percent of the highest value" as required under Appendix § 3.00(F)(3)(d). Thus, although the ALJ did not explicitly discuss Listing 3.02(C)(1), remand is not warranted because Plaintiff's DLCO test results do not satisfy the requirements of the Listing. *See Nettleman*, 2018 WL 1474967, at *3-4 (affirming trial court's affirmance of ALJ's determination that claimant failed to provide the requisite medical evidence needed to establish a respiratory disability under Listing 3.02(A) where the tests the claimant identified did not satisfy the Listing's specific requirements for acceptable tests and reports).

Plaintiff also notes that "no medical consultant has considered whether a combination of [her] impairments would meet listing 3.02(c)(1) despite the fact that one of her acknowledged severe impairments [is] a pulmonary disorder." (Pl.'s Statement of Errors 12-13, ECF No. 10.) Plaintiff explains that although state agency physicians reviewed the record, they did so prior to the April and May 2015 DCLO testing. Plaintiff maintains that because the ALJ failed to call a medical expert to testify, "this Court cannot determine with certainty whether substantial evidence supports . . . a finding that [her] impairments, alone or in combination, meets or equals Listing 3.02(C)(1)."

The undersigned finds that the ALJ did not err in failing to obtain an expert medical

opinion on the issue of medical equivalency. An ALJ retains considerable discretion to determine whether to request a medical expert to evaluate listings. 20 C.F.R. §§ 404.1517, 416.917; *see also Ruby v. Colvin*, No. 2:13-cv-1254, 2015 WL 1000672, at *4-5 (S.D. Ohio Mar. 5, 2015); *Kraushaar v. Comm'r of Soc. Sec.*, No. 1:11-cv-2252, 2012 WL 6953381, at *15 (N.D. Ohio Nov. 26, 2012). On this issue, Social Security Ruling 96-6p provides as follows:

> However, an administrative law judge and the Appeals Council must obtain an updated medical opinion from a medical expert in the following circumstances:
>
> [1] When no additional medical evidence is received, but in the opinion of the administrative law judge or the Appeals Council the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable; or
>
> [2] When additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.

SSR 96-6P, 1996 WL 374180, at *3-4 (internal footnote omitted). It is the claimant, however, who bears the burden to demonstrate that her impairments meet or equal a listed impairment. *See Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); *Smith v. Comm'r of Soc. Sec.*, 473 F. App'x 443, 445 (6th Cir. 2012); *Retka v. Comm'r of Soc. Sec.*, No. 94-2013, 1995 WL 697215, at *2 (6th Cir. Nov. 22, 1995). Plaintiff has not satisfied this burden here. As discussed above, the DLCO measurements upon which she relies fail to satisfy the Listing's criteria, and Plaintiff has failed to cite to other record evidence that she maintains shows that she meets or equals Listing 3.02(C)(1). Accordingly, under the circumstances presented here, the undersigned finds that the ALJ did not abuse her discretion by not obtaining a medical expert to render an opinion on whether the April and May 2015 DLCO tests met or equaled Listing 3.02(C)(1). *See Harvey v. Comm'r of Soc. Sec.*, No. 1:17-cv-227, 2018 WL 1477579, at *5 (W.D. Mich. Mar. 27, 2018)

(collecting cases rejecting a claimant's argument that an ALJ is obligated to obtain an expert opinion on the question of medical equivalence).

It is therefore **RECOMMENDED** that Plaintiff's sole contention of error be **OVERRULED**.

## V. DISPOSITION

From a review of the record as a whole, the undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiffs' Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE